# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                   Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                Fax: 718-740-2000
*Employment and Labor Lawyer*                                               Web: www.abdulhassan.com

**February 18, 2020**

**Via ECF**

Hon. Judith C. McCarthy, USMJ
United States District Court, SDNY
300 Quarropas Street
White Plains, NY 10601

> **Re: Ayala Gonzalez v. ER Painting Inc. et al**
> Case No. 19-CV-01777 (KMK)(JCM)
> Motion for Settlement Approval – Supplement

Dear Magistrate-Judge McCarthy:

      My firm represents plaintiff Boniec Ayala Gonzalez ("Ayala Gonzalez"), in the above-referenced action and I respectfully write to supplement the pending approval motion with the attached time records in Exhibit 1, detailing some of the hours expended by Plaintiff's counsel on this case – Plaintiff's counsel is a solo practitioner and he was the only attorney that worked on this case for Plaintiff.

      The hourly fees based on the attached time records (Ex. 1), are $20,412 at the retainer rate of $600/hr. for 34.02hrs or $15,309 at a reduced fee-shifting rate of $450/hr. See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit."); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY) (finding that an hourly rate of $450 an hour for plaintiff's counsel herein is 'reasonable considering Plaintiff's counsel "ha[s] litigated over 350 employment/wage cases in New York's federal courts since 2001'").

1

Here, Plaintiff's counsel is due to Thirteen Thousand One Hundred and Forty-Six Dollars ($13,146) – or $12,646 if timely payments are made by May 15, 2020. (Ex. 1 ¶ 2)[1]. The $561 costs in the case consists of the Court's filing fee ($400) and service ($161), costs. The 1/3 contingency fee Plaintiff's counsel is due to receive in this case is reasonable because it is consistent with the retainer agreement and is probably the most common type of contingency fee in our legal system. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 18-2504-CV --- F.3d ----  2020 WL 550470 (2d Cir. Feb. 4, 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Pena v. Ludlow Ave Corp. et al,* Case No. 17-cv-00456 (Magistrate-Judge McCarthy)(May 30, 2017)(approving a 1/3 fee of $5,795 under Cheeks); *Carrion v. 381 North Ave. Auto Care Inc. et al*, Case No. 19-CV-05901 (Magistrate-Judge Davison - October 29, 2019)(approving a 1/3 fee of $8,136 under *Cheeks*); *Gutierrez v. New Rochelle Hot Bagel, Inc. et al*, Case No. 17-CV-05752 (Judge Roman – November 2, 2018)(approving a 1/3 fee of $9,814 under *Cheeks*); *Castro v. Arbeni Management Company Inc.*, Case No. 17-CV-04615, ECF No. 21, (Judge Nathan – May 10, 2018)(1/3 fee under *Cheeks* of about $16,512); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Tanooli v. Distinctive Maintenance Company Inc.*, Case No. 18-CV-04689, ECF No. 23 (Judge Caproni – October 19, 2018)(Approving a 1/3 contingency fee of $13,179 under Cheeks); *Hixholli v. Aqua* 3065 GC LLC et al, Case Number 19-CV-05654 (Judge Netburn - SDNY, November 25, 2019)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Knights v. Novitex Enterprise Solutions, Inc. et al*, 17-CV-9359, ECF No. 43, (Magistrate-Judge Netburn - August 30, 2018)(Approving a 1/3 contingency fee of about $15,000 under *Cheeks*); *Gutierrez v. Highridge Bagels, Inc. et al*, Case No.17-cv-01451, ECF No. 21 (Judge Briccetti - approving 1/3

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

   The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

2

fees of $10,461 under *Cheeks*); *Mendoza-Cerezo v. Highridge Bagels, Inc. et al*, Case Number, 17-cv-00668, ECF No. 23 (Judge Briccetti - approving 1/3 fees of $5,795 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY)(1/3 fee of $10,648); *Velez v. Lusardi Ltd. et al*, 16-CV-5675, ECF Nos. 41-43, (Magistrate-Judge Smith – SDNY)(1/3 fee of $11,000); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Bumagin v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under *Cheeks*).

       Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**Cc: Defense counsel via ECF**