UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BONIEC AYALA GONZALEZ,

                                  Plaintiff,                    **ORDER**

    -against-                                          19 Civ. 01777 (JCM)

ER PAINTING INC., and EDDY RUIZ,

                                  Defendants.
-------------------------------------------------------------X

      Plaintiff Boniec Ayala Gonzalez ("Plaintiff") commenced this action to recover unpaid overtime wages and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL") § 650, *et seq.*, and § 663. (Docket No. 1). Plaintiff further alleges he is entitled to recover unpaid regular wages and unlawful wage deductions under Article 6 of the NYLL, as well as damages for not receiving notice and wage statements as required by the NYLL. Defendants deny these allegations. (Docket No. 8). The parties have consented to jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c). (Docket No. 22). Plaintiff has submitted a Settlement Agreement and Release ("Settlement Agreement") for the Court's review, (Docket No. 20-1), as well as a letter in support of the Settlement Agreement, (Docket No. 20), and the attorney's time records, (Docket No. 24).

      "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel';

and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.*

Based on my review of the Settlement Agreement and the papers submitted in support of the Settlement Agreement, (Docket Nos. 20, 20-1), as well as documentation supporting the reasonableness of the attorneys' fees and costs, (Docket No. 24), I find that the settlement was the product of arm's-length negotiations between able counsel and that the terms of the Settlement Agreement, including the approval of Plaintiff's counsel's fees of one-third of the total settlement amount, as well as $561.00 in costs, are a fair and reasonable resolution of the case. *See Johnson v. Brennan,* No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted).

The Clerk is respectfully requested to terminate the pending motion (Docket No. 20) and close the case.

Dated: February 20, 2020
        White Plains, New York

                                         **SO ORDERED:**

                                         JUDITH C. McCARTHY
                                         United States Magistrate Judge